UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| RANDOLPH E. NEAL, JR.,                )<br>                                                        )<br>    Plaintiff,                                    )<br>                                                        )<br>    vs.                                              )      CV 04-B-2330-NE<br>                                                        )<br>LOYD H. LITTLE, JR.; H.W.         )<br>McMILLAN; SUE BELL COBB;       )<br>PAMELA W. BASCHAB; KELLI     )<br>WISE; GREG SHAW,                       )<br>                                                        )<br>    Defendants.                              )  | |

**ENTERED**
OCT 21 2004

## MEMORANDUM OPINION

This case is presently pending before the court on defendants' Motion to Dismiss. (Doc. 10.)[1] Plaintiff Randolph E. Neal, Jr., has sued defendants alleging that the judges of the Alabama Court of Criminal Appeals[2] wrongfully transferred his Petition for Writ of Mandamus to defendant Loyd H. Little, Jr., a Circuit Judge on the Circuit Court of Madison County, Alabama. He alleges causes of action pursuant to 42 U.S.C. § 1985 and 42 U.S.C. § 1986. Defendants have moved to dismiss on the ground that plaintiff's claims are barred by the *Rooker-Feldman* doctrine.[3]

---

[1]Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

[2]Defendants H.W. McMillan, Sue Bell Cobb, Pamela W. Baschab, Kelli Wise, and Greg Shaw are Judges on the Alabama Court of Criminal Appeals.

[3]Defendants also contend that plaintiff's claims are barred by the doctrine of judicial immunity and Eleventh Amendment immunity. However, because the court finds that it is without subject-matter jurisdiction pursuant to the *Rooker-Feldman* doctrine, the court

Upon consideration of the record and the relevant law, the court is of the opinion that defendants' Motion to Dismiss, (doc. 10), is due to be granted.

## I. **MOTION TO DISMISS STANDARD**

A Motion to Dismiss challenging this court's subject matter jurisdiction can take one of two forms: a "facial attack" or a "factual attack." *McAllister Towing & Transp. Co., Inc. v. Thorn's Diesel Service, Inc.*, 163 F. Supp. 2d 1329, 1331-32 (M.D. Ala. 2001). "Facial attacks on the complaint 'require[ ] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion.'" *Garcia v. Copenhaver, Bell & Associates, M.D.'s, P.A.*, 104 F.3d 1256, 1261 (11th Cir. 1997)(quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)).

Because defendants challenge this court's subject-matter jurisdiction based on plaintiff's Complaint and the exhibits attached thereto, the court deems defendants' Motion to Dismiss to be a "facial attack" on the court's subject-matter jurisdiction. Therefore, for purposes of deciding defendants' Motion to Dismiss for lack of subject-matter jurisdiction, the court will "consider the allegations of the complaint to be true." *McAllister Towing*, 163 F. Supp. 2d at 1332.

---

pretermits discussion of defendants' alternative grounds for dismissal.

## II. STATEMENT OF FACTS

According to plaintiff's Complaint, he was arrested on May 2, 2003 for driving under the influence. (Doc. 1 at 8.) However, plaintiff contends, he was not subject to arrest for drunk driving because he "was innocently driving his automobile within a parking lot in Huntsville, Alabama." (*Id.*) He was convicted on January 14, 2004, in the Municipal Court of the City of Huntsville before Municipal Judge Sybil Cleveland. (*Id.*) Thereafter, plaintiff filed a Petition for Writ of Mandamus in the Alabama Court of Criminal Appeals; his Petition asked the court to order Judge Cleveland "to withdraw the Judgment of Conviction of January 14, 2004, and to substitute a Judgment of Acquittal, therefore, as was [plaintiff's] absolute right under the Equal Protection of the Laws and of Due Process of Law provisions of the United States Constitution." (*Id.* at 9.)

On February 13, 2004, the Alabama Court of Criminal Appeals transferred plaintiff's Petition for Writ of Mandamus to the Circuit Court of Madison County; the court's Order states:

> The petitioner, Randolph E. Neal, Jr., filed this petition for writ of mandamus attacking Municipal Court Judge Sybil Cleveland's rulings related to his charge of driving under the influence.
>
> According to § 12-11-30(4), Ala. Code 1975, "The circuit court shall exercise a general superintendence over all district courts, municipal courts, and probate courts."
>
> In accordance with § 12-11-30(4), Ala. Code 1975, it is hereby ORDERED that this petition be, and the same is, hereby TRANSFERRED to the Circuit Court of Madison County for disposition.

3

(Doc. 1, Ex. 2.)[4]

After the transfer, defendant Circuit Judge Loyd H. Little entered an Order denying plaintiff's Petition. His Order of February 23, 2004, states, in pertinent part, as follows:

> The Court has carefully reviewed the petition, the supporting documents, and finds that said petition is due to be dismissed.
>
> As this Court understands the petitioner's argument, he contends that the Municipal Court of Huntsville, Alabama did not have jurisdiction in the case whereby the petitioner was prosecuted for driving under the influence of alcohol based on the fact that the operation of the vehicle in question occurred on private property.
>
> The code section in question is section 32-5a-191(a)(2) which states that a person shall not drive or be in actual physical control of any vehicle while under the influence of alcohol.
>
> Section 32-5a-2 provides that the provisions of this chapter relating to the operation of vehicles refers exclusively to the operation of vehicles upon highways except (2) the provisions of 32-5a-190 through 32-5a-195, which shall apply upon highways <u>and elsewhere</u> throughout the state.
>
> Therefore, assuming the contentions of the petitioner are true, that the operation of his vehicle at the time in question was upon private property, his argument is without merit and his petition is due to be dismissed.

_____

[4]Pursuant to the Alabama Supreme Court –

> In Alabama, circuit courts have a general superintendence over the probate courts. Ala. Code 1975, § 12-11-30(4). Encompassed in this superintendence is the power to review certain judgments and orders of the probate court, either through direct appeal or by petition for an extraordinary writ.

*Ex parte Town of Valley Grande*, No. 1021744,, 2003 WL 22753093, *2 (Ala. Nov. 21, 2003)(citing *Helms v. McCollum*, 447 So.2d 687 (Ala.1984))(internal quotations omitted). A Writ of Mandamus is an "extraordinary writ."

(*Id.*, Ex. 3a (emphasis in original).)[5]

On July 28, 2004, plaintiff filed the instant action alleging that defendants had conspired to deny him his Equal Protection and Due Process rights in violation of 42 U.S.C. § 1985, and/or that they failed to prevent such conspiracy in violation of 42 U.S.C. § 1986.

### III. DISCUSSION

Plaintiff alleges claims against defendants pursuant to 42 U.S.C. § 1985 and 42 U.S.C. § 1986. Section 1985 –

> proscribe[s] conspiracies that interfere with (a) the performance of official duties by federal officers; (b) the administration of justice in federal courts; (c) the administration of justice in state courts; (d) the private enjoyment of "equal protection of the laws" and "equal privileges and immunities under the laws"; and (e) the right to support candidates in federal elections.

---

[5]The court notes that, under current Alabama law, "the . . . offense of DUI may be committed on private property." *Lunceford v. City of Northport*, 555 So.2d 246, 247 (Ala. Crim. App. 1988)("The offense of driving under the influence (DUI) as defined by Alabama Code 1975, § 32-5A-191, applies 'upon highways *and elsewhere* throughout the state.' § 32-5A-2(2)(emphasis added). Unlike Alabama's predecessor offense of DWI codified as § 32-5-70, . . . the present offense of DUI may be committed on private property.")

*Kush v. Rutledge*, 460 U.S. 719, 724 (1983).[6] "Section 1986 requires only that Appellees

---

[6]Section 1985 provides, in pertinent part –

(2) Obstructing justice; intimidating party, witness, or juror

If two or more persons in any State . . . conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws;

(3) Depriving persons of rights or privileges

If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of

knew of a § 1985 conspiracy and, having the power to prevent or aid in preventing the implementation of the conspiracy, neglected to do so." *Park v. City of Atlanta*, 120 F.3d 1157, 1160 (11th Cir. 1997).[7]

Plaintiff's claims are as follows:

(1) Defendants "impeded, hindered, obstructed, and defeated the due course of justice in Alabama, with intent to deny [plaintiff] due process of law and the equal protection of the laws . . . by transferring for **'disposition'** by the Madison County Circuit Court the Plaintiff's Petition for Writ of Mandamus . . . **'in clear absence of all jurisdiction'** . . . ," (doc. 1 at 12 (emphasis in original));

(2) Defendants "conspire[d] . . . for the purpose of depriving [plaintiff] . . . of the equal protection of the laws . . . and for the purpose of hindering the constituted authorities of Alabama from giving . . . [plaintiff] due process of law and the equal protection of the laws and carried out the object of that **Malicious Conspiracy** by depriving [plaintiff] the relief he was entitled to, that granting the Petition for Writ of Mandamus would have brought through

---

damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985.

[7]Section 1986 provides –

Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented . . . .

42 U.S.C. § 1986.

acquittal of an **Innocent Defendant** . . . **"in clear absence of all jurisdiction"**, (*id.* at 13(emphasis in original));

(3) Defendants, "having knowledge that the wrongs conspired to be done, were about to be committed by each other or by themselves, and having power to prevent or aid in preventing the commission of the same, neglected or refused so to do, and such wrongful acted were committed; to wit: Plaintiff was deprived by Malicious and Unconstitutional and Outrageous actions of the defendants of his relief which he was entitled to and had petitioned the Court of Criminal Appeals of Alabama to receive . . . and which application of the principles of Equal Protection of the Laws and Due Process of Law would have provided him, (*id.* at 13-14); and

(4) Defendant Judges of the Alabama Court of Criminal Appeals "purposefully" sent a copy of their Order to plaintiff's former address "to Obstruct Justice and insulate (**bury**) the case from timely Appeal to the Supreme Court of Alabama for review, if denied, and to block any knowledge from Plaintiff of the unlawful transfer of that case to the Madison County Circuit Court until Madison County Circuit Judge Loyd H. Little had a chance to "**dispose of this matter**" for them, thereby **defeating "the due course of justice"**, which was the "**Object**" of that Conspiracy," (*id.* at 14 (emphasis in original)).

Defendants[8] contend that "plaintiff's complaint is barred by the Rooker-Fel[d]man doctrine." (Doc. 10 at 3.)

According to the *Rooker-Feldman* doctrine, "a United States District Court has no authority to review final judgments of a state court in judicial proceedings. Review of such judgments may be had only in [the United States Supreme Court]." *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983). The doctrine has two statutory bases: (1) 28 U.S.C. § 1257, which limits federal review of state court proceedings to the United States Supreme Court, and (2) 28 U.S.C. § 1331, which provides that federal district courts are

---

[8]Defendants are represented in this action by counsel from the office of the Attorney General. Plaintiff objects to this representation. However, pursuant to Alabama law, the Attorney General's participation is not improper. *See Quinlan v. Jones*, No. 2030621, 2004 WL 2201258, at *7-*8 (Ala. Civ. App. Oct. 1, 2004)(citing Ala. Code § 36-1-6.1(c); Ala. Code § 36-15-21).

courts of original jurisdiction. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). The doctrine applies not only to claims actually raised in the state court, but also to claims that were not raised in the state court but are "inextricably intertwined" with the state court's judgment. *Feldman*, 460 at 482 n. 16.

*Powell v. Powell*, 80 F.3d 464, 466-67 (11th Cir. 1996). "[T]he *Rooker-Feldman* doctrine prohibits District Courts from adjudicating actions in which 'the relief requested . . . requires determining that the state court's decision is wrong or . . . void[ing] the state court's ruling.'" *Desi's Pizza, Inc. v. City of Wilkes-Barre*, 321 F.3d 411, 419 (3d Cir. 2003)(quoting *FOCUS v. Allegheny County Court of Common Pleas*, 75 F.3d 834, 840 (3d Cir. 1996)); *see Kamilewicz v. Bank of Boston Corp.*, 92 F.3d 506, 509 (7th Cir. 1996)("At its core, the [*Rooker-Feldman*] doctrine is a recognition of the principle that the inferior federal courts generally do not have the power to exercise appellate review over state court decisions."), *quoted in Schmitt v. Schmitt*, 324 F.3d 484, 485-86 (7th Cir. 2003).[9] "Once a case is litigated in state court, a federal district court does not have jurisdiction to review it." *Schmitt*, 324

---

[9]The *Schmitt* court held:

> We have interpreted *Rooker-Feldman* to ask whether the federal plaintiff seeks to set aside a state court judgment or whether he is, in fact, presenting an independent claim. Put another way, if the injury which the federal plaintiff alleges resulted from the state court judgment itself, then *Rooker-Feldman* controls, and the lower federal courts lack jurisdiction over the claim. It does not matter that the state court judgment might be erroneous or even unconstitutional. Our cases reflect *Rooker*'s basic principle that once a case is litigated in state court, a federal district court does not have jurisdiction to review it.

*Schmitt*, 324 F.3d at 486.

9

F.3d at 486. "[A] federal case is 'inextricably intertwined' if the effect of a federal court's decision would be to nullify the state court's judgment. To allow such review would be to allow a state court determination to be collaterally reviewed and reversed in federal court, which is not allowed under *Rooker-Feldman*." *Gayfer Montgomery Fair Co. v. Austin*, 222 F. Supp. 2d 1292, 1295 (M.D. Ala. 2002)(citing *Powell*, 80 F.3d at 467). "*Rooker-Feldman* thus applies only when the federal plaintiff both asserts as [his] injury legal error or errors by the state court ***and*** seeks as [his] remedy relief from the state court judgment." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140 (9th Cir. 2004)(emphasis in original).

The essence of plaintiff's claims is that defendants conspired to "deprive[ ] [him] of a Constitutionally Required Acquittal" in his DUI case because the Court of Criminal Appeals, and not the Madison County Circuit Court, should have decided his Petition for Writ of Mandamus and that defendants should have decided it in his favor. (Doc. 1 at 10; *see also id*. at 13-16.) These claims are "inextricably intertwined with the merits of . . . state-court judgment[s]," namely, Judge Little's denial of his Petition, the Court of Criminal Appeals' transfer of his Petition, and his conviction before Judge Cleveland, because his federal claims succeed "only to the extent that the state court[s] wrongly decided the issues before [them]." *Hill v. Town of Conway*, 193 F.3d 33, 39 (1st Cir. 1999). "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment." *Id.*

10

Because plaintiff's claims are "inextricably intertwined with the merits of . . . state-court judgment[s]," this court has no jurisdiction over his claims. *Powell*, 80 F.3d at 466-67; *Schmitt*, 324 F.3d at 486. Therefore, the court will grant defendants' Motion to Dismiss, and plaintiff's claims will be dismissed.

## CONCLUSION

For the foregoing reasons, the court is of the opinion that it is without jurisdiction and defendants are entitled to judgment as a matter of law. An order granting defendants' Motion to Dismiss will be entered contemporaneously with this Memorandum Opinion.

**DONE** this 20th day of October, 2004.

*Sharon Lovelace Blackburn*

**SHARON LOVELACE BLACKBURN**
United States District Judge